**No. 23 - 1826**

# United States Court of Appeals for the Third Circuit

---

IN RE OFFICIAL COMMITTEE OF TALC CLAIMANTS,

*Petitioner.*

---

On Petition for Writ of Mandamus to the United States Bankruptcy Court
for the District of New Jersey, Chapter 11 No. 23-12825, Adv. Pro. No. 23-01092

---

**OPPOSITION OF THE AD HOC COMMITTEE OF SUPPORTING COUNSEL TO THE PUBLIC PETITION FOR WRIT OF MANDAMUS**

---

| | |
|---|---|
| PAUL HASTINGS LLP | COLE SCHOTZ P.C. |
| 200 Park Avenue | Court Plaza North |
| New York, New York 10166 | 25 Main Street |
| Kris Hansen* | P.O. Box 800 |
| Ken Pasquale | Hackensack, New Jersey 07602 |
| | Michael D. Sirota |
| PAUL HASTINGS LLP | Warren A. Usatine |
| 71 South Wacker Drive, Suite 4500 | Seth Van Aalten* |
| Chicago, Illinois 60606 | Justin Alberto |
| Matthew M. Murphy* | |
| Matthew Micheli* | PARKINS & RUBIO LLP |
| | 700 Milam, Suite 1300 |
| | Houston, Texas 77002 |
| | Lenard M. Parkins* |
| | Charles M. Rubio* |

*\* pro hac vice forthcoming*

*Counsel to Ad Hoc Committee of Supporting Counsel*

May 8, 2023

## CORPORATE DISCLOSURE STATEMENT

The Ad Hoc Committee of Supporting Counsel (the "AHC of Supporting Counsel") is not a nongovernmental corporation as that term is used in Federal Rule of Appellate Procedure 26.1. The AHC of Supporting Counsel also is not the debtor or trustee of the underlying bankruptcy estate or the appellant in this matter.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... i
INTRODUCTION .....................................................................................................1
BACKGROUND .......................................................................................................3
MANDAMUS STANDARD ....................................................................................5
ARGUMENT .............................................................................................................6
    I.    The TCC Improperly Uses Mandamus to Preempt Adjudication on the Merits of the Debtors' Chapter 11 Case and as a Substitute for Appeal ...............6
        A.   There Has Been No Error Warranting Mandamus Relief ..........................6
        B.   The TCC Has an Adequate Avenue to Relief Before the Bankruptcy Court .................................................................................................................8
        C.   The TCC Does Not Face a Risk of Irreparable Harm Warranting Mandamus ..........................................................................................................10
    II.   The Improperly Circumvents Normal Appellate Process with its Underdeveloped Challenge to the Preliminary Injunction .................................11
CONCLUSION ........................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Commc'n Workers of Am., AFL-CIO v. Am. Tel. & Tel. Co.*,
   932 F.2d 199 (3d Cir. 1991) ..................................................................5, 7, 10

*Citibank, N. A. v. Fullam*,
   580 F.2d 82 (3d Cir. 1978) ..............................................................................2, 9

*In re Kensington Inter. Ltd.*,
   353 F.3d 211 (3d Cir. 2003) .................................................................................5

*In re LTL Mgmt., LLC ("LTL 1.0")*,
   64 F.4th 84 (3d Cir. 2023) ..........................................................................*passim*

*In re McGraw-Hill Glob. Educ. Holdings LLC*,
   909 F.3d 48 (3d Cir. 2018) ................................................................................5, 6

*In re Rad*,
   714 F. App'x 197 (3d Cir. 2018) ........................................................................11

*Sunbelt Corp. v. Noble, Denton & Assocs., Inc.*,
   5 F.3d 28 (3d Cir. 1993) .......................................................................................8

**Statutes**

11 U.S.C. § 1112(b)(3) ..............................................................................................11

**Other Authorities**

Fed. R. App. 21(a)(1) ..................................................................................................2

**INTRODUCTION**

The Official Committee for Talc Claimants (the "TCC") has taken the drastic step of seeking the most extraordinary relief available from this Court—a writ of mandamus—before the Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") has even had an opportunity to weigh in on the ultimate issues raised by the TCC's petition (the "Petition").

According to the TCC, the primary issue here presented is whether Debtor LTL Management, LLC's "second bankruptcy petition impermissibly attempts to circumvent" this Court's decision in *In re LTL Mgmt., LLC ("LTL 1.0")*, 64 F.4th 84, 110 (3d Cir. 2023). That very question is now before the Bankruptcy Court, raised by the TCC itself in connection with a recently filed motion to dismiss the underlying bankruptcy case (together with other such motions now pending, the "Motions to Dismiss"). And while at the same time convening with the Bankruptcy Court and all parties of record regarding a schedule for the disclosure of fact and expert discovery necessary for the adjudication of such matters, the TCC now demands that this Court answer the same questions on the basis of an unripe and incomplete factual record.

Furthermore, in addition to attempting to force a decision on the critical question of financial distress *before* fact and expert discovery regarding the Debtor's change in circumstances is complete, the TCC also seeks through this Petition to

1

silence an important countervailing voice in this proceeding overall. As counsel to the majority of affected talc claimants, the AHC of Supporting Counsel negotiated a plan framework with the Debtor and others, which would require them to pursue implementation of a plan based on their mutual agreement.[1] Through its Petition, however, the TCC seeks to silence this support by taking the Chapter 11 Case from the Bankruptcy Court, and thereby deprive all such claimants of the ability to consider the Debtor's proposal in the ordinary course.

In all, the TCC seeks to close the courthouse door to the Debtor and supporting claimants for all time by turning this Court's decision in *LTL 1.0* into a complete bar on the Debtor's access to relief under chapter 11 of the Bankruptcy Code, which is plainly inconsistent with the Court's prior holding. For these reasons, the Petition must be denied and the TCC must be forced to abide by basic procedure and allow for the bankruptcy process in the underlying case to proceed in its normal course.

---

[1] The Petition before the Court was taken from the Debtor's proceeding under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). Federal Rule of Appellate Procedure 21 provides that "[a]ll parties to the proceeding in the trial court other than the petition are respondents for all purposes." Fed. R. App. 21(a)(1). This Court has defined "proceeding" in Rule 21 to encompass "those matters of an administrative character, including questions between the bankrupt and his creditors, which are presented in the ordinary course of the administration of the bankrupt's estate." *Citibank, N. A. v. Fullam*, 580 F.2d 82, 89 (3d Cir. 1978). The AHC of Supporting Counsel is a party to the Chapter 11 Case, and thus the "proceeding," and so is a respondent in this appeal. *See Initial Statement of Ad Hoc Committee of Supporting Talc Claimants* (Bankr. ECF No. 253).

## BACKGROUND

At bottom, few facts are relevant to the Petition. This Court entered its opinion in *LTL 1.0* on March 31, 2023 instructing the Bankrupt Court to dismiss the Debtor's prior case under chapter 11 of the Bankruptcy Code. After the Bankruptcy Court complied with this Court's mandate, the Debtor initiated this Chapter 11 Case on April 4, 2023 in order to fully and permanently resolve all current and future talc-related claims against the Debtor and its corporate affiliate, Johnson & Johnson. *See Declaration of John K. Kim in Support of First Day Pleadings* ¶ 77 (the "Kim Declaration") (Bankr. ECF No. 4; A624).

The Debtor's new Chapter 11 Case is different from its first filing in a number of critical respects. *First*, the amount of the proposed settlement fund is significantly different from the proposed fund in the first proceeding. (A626). *Second*, and relatedly, the relevant constituents in this Chapter 11 Case differ materially in alignment from the first case in that the proposed plan of settlement enjoys broad support from a large constituency, including those that sat on a committee that actively opposed the first case. Namely, the AHC of Supporting Counsel is comprised of counsel for tens of thousands of talc claimants in the Chapter 11 Case. (A626). *Third*, the Debtor's financial circumstances changed following the *LTL 1.0* decision. (A651-652).

In light of these differences, the Bankruptcy Court has, among other things, entered a entered a preliminary injunction that enjoined the commencement or continuation of trials against Johnson & Johnson, the Debtor, and all other parties listed on Appendix B to the Adversary Complaint (with the exception of two entities) for sixty days, but otherwise permitted discovery or the commencement of new talc cases. *See Order Dissolving Temporary Restraining Order, Extending the Automatic Stay, and Granting Limited Preliminary Restraints* (the "Preliminary Injunction") (Bankr. Adv. ECF No. 91; A32). The TCC appealed the Court's preliminary injunction ruling on April 21, 2023. *Notice of Appeal and Statement of Election* (the "PI Appeal") (Bankr. Adv. ECF No. 83; A2731). The TCC also requested certification of its appeal directly to this Court. *Notice of Request of Official Committee of Talc Claimants for Order Certifying Direct Appeal of Preliminary Injunction Order of April 20, 2023 to the United States Court of Appeals for the Third Circuit* (Bankr. Adv. ECF No. 84; A2740). The Bankruptcy Court has scheduled a hearing on May 9, 2023 to hear the pending motions to certify the PI Appeal directly to this Court. (Bankr. Adv. ECF No. 87).

The TCC separately filed its Motion to Dismiss on April 24, 2013, with numerous other parties thereafter seeking the same relief. The Bankruptcy Court has scheduled an evidentiary hearing on the Motions to Dismiss to commence either June 12, 2023 or June 20, 2023, and, as of the date this Response was submitted, the

parties continued to actively negotiate a schedule by which fact and expert discovery regarding these issues would be completed in advance of trial.

## **MANDAMUS STANDARD**

"Writ of mandamus is an extraordinary form of relief, and Courts of Appeals must be chary in exercising that power, in that mandamus must not be used as mere substitute of appeal." *See In re Kensington Inter. Ltd.,* 353 F.3d 211 (3d Cir. 2003). Mandamus relief "is typically appropriate 'only upon a showing of (1) a clear abuse of discretion or clear error of law; (2) a lack of an alternate avenue for adequate relief; *and* (3) a likelihood of irreparable injury.'" *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 56 (3d Cir. 2018) (quoting *United States v. Wright*, 776 F.3d 134, 146 (3d Cir. 2015)).

The burden to demonstrate an entitlement to mandamus relief lies squarely with the petitioner and requires a showing that "its right to the writ is clear and indisputable." *Id*. (quoting *Sunbelt Corp. v. Noble, Denton & Assocs., Inc.*, 5 F.3d 28, 30 (3d Cir. 1993)). "Only exceptional circumstances, amounting to a judicial usurpation of power, will justify the invocation of this extraordinary remedy." *Commc'n Workers of Am., AFL-CIO v. Am. Tel. & Tel. Co.*, 932 F.2d 199, 208 (3d Cir. 1991) (citing *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980) (per curiam)).

# ARGUMENT

## I. The TCC Improperly Uses Mandamus to Preempt Adjudication on the Merits of the Debtors' Chapter 11 Case and as a Substitute for Appeal

The TCC does not attempt to analyze the applicable factors for obtaining mandamus relief from this Court. This is not a mistake; the TCC cannot satisfy them. That is because the TCC is not actually aggrieved by any action or inaction of the Bankruptcy Court that "amounts to a judicial usurpation of power." Rather, the TCC seeks simply to have this Court effectively rule on the TCC's Motion to Dismiss prior to discovery regarding such matters may be taken and completed before the Bankruptcy Court. The Court should not entertain these tactics, and should instead deny the Petition to allow for full adjudication by the Bankruptcy Court in the normal course of this fast-moving Chapter 11 Case.

### A. There Has Been No Error Warranting Mandamus Relief

The exercise of mandamus "require[s] more than showing that the court misinterpreted the law, misapplied it to the facts, or otherwise engaged in an abuse of discretion." *McGraw-Hill*, 909 F.3d at 56–57 (quoting *In re Lloyd's Register N. Am., Inc.*, 780 F.3d 283, 290 (5th Cir. 2015)). Indeed, mandamus requires at least a showing that the Bankruptcy Court "committed a clear error of law that 'at least approach[es] the magnitude of an unauthorized exercise of judicial power, or a failure to use that power when there is a duty to do so.'" *Commc'n Workers*, 932 F.2d at 208 (quoting *Lusardi v. Lechner*, 855 F.2d 1062, 1069 (3d Cir. 1988)).

6

Here, the Bankruptcy Court has not even been given an opportunity to consider the TCC's pending Motion to Dismiss—the proper forum for adjudicating the issues presented in the Petition—which is likely to be tried to a close by the middle of June. Instead, in a brazen waste of judicial resources, the TCC sought mandamus relief *before* it even filed for such relief, and now demands a final appellate ruling on these issues before the parties have even begun the process of disclosing fact and expert discovery relevant to the motion itself. As a result, there is no record on which to analyze the many factual questions at issue in the pending Motions to Dismiss, which, in light of the Debtor's own change of circumstances following this Court's decision in *LTL 1.0*, should alone compel denial of the relief here sought.

In reality, the TCC attempts through its Petition to turn this Court's prior decision into a categorical bar on the Debtor's ability to seek relief under chapter 11 of the Bankruptcy Code, which is plainly inconsistent with the effective scope of *LTL 1.0*. Indeed, in that decision, the Court stated that it "need not lay down a rule that no nontraditional debtor could ever satisfy the Code's good-faith requirement," *LTL 1.0*, 64 F.4th at 111, and added further that, with respect to the Debtor's circumstance in the prior case, the Court could not "***currently*** see how its lack of financial distress could be overcome." *Id*. at 110.

Now, however, out of apparent concern that the Debtor's change in circumstance will, in fact, meet the standards set out in *LTL 1.0*, the TCC attempts to take the Chapter 11 Case away from the Bankruptcy Court before the parties have even had an opportunity *to agree on a schedule* for fact and expert disclosure regarding precisely the same issues. In fact, as of the date this Response was submitted, the parties were *still* in the process of actively negotiating a schedule by which discovery would, at the very latest, be complete by the first week in June.

In this regard, the Petition simply demonstrates a lack of respect for the judicial process. While the Bankruptcy Court continues to work diligently to resolve the issues raised in the pending Motions to Dismiss and otherwise adjudicate the Chapter 11 Case, the TCC, by contrast, has sought only to obstruct that process through tactics such as these. As such, the Petition respectfully should be denied.

**B.     The TCC Has an Adequate Avenue to Relief Before the Bankruptcy Court**

The Petition separately should be denied because "[a] writ will only issue when the party seeking the writ has no other adequate means of obtaining the relief sought." *Sunbelt*, 5 F.3d at 30. Here, the TCC will not be without remedy if mandamus relief is denied, and the TCC does not assert otherwise. Rather, the TCC argues that its *ability* to take an appeal in the ordinary course somehow does not preclude mandamus relief here.

8

The only case on which the TCC relies, *Citibank, N. A. v. Fullam*, does not support this proposition. 580 F.2d 82 (3d Cir. 1978). In *Citibank*, this Court held mandamus was appropriate because Citibank could not have appealed from the order of the court below, and thus the issue risked escaping appellate review. *Id*. at 88–89. The *Citibank* court held, alternatively, that even if the district court's order was subject to an ordinary-course appeal, the mandamus request did not implicate concerns about piecemeal litigation or prejudice the respondents because "[the] petition for a writ of mandamus was filed within the applicable period for filing a notice of appeal." *Id*. at 89. Neither circumstance applies here. First, and as the TCC does not contest, any decision on the Motions to Dismiss by the Bankruptcy Court will be appealable in the ordinary course. Second, because there *has been no decision* issued by the Bankruptcy Court on the Motions to Dismiss, the proper forum in which to address the issues raised in the Petition, the issues the TCC attempts to put before this Court are not ripe for review.[2]

---

[2] To the extent the TCC contends that the oral request by its ad hoc predecessor entity at the first day hearing for the Bankruptcy Court to *sua sponte* dismiss the Chapter 11 Case is amenable to mandamus appeal, that position is also baseless. The Bankruptcy Court rightly observed that such a request "flies in the face of Rule 2002, the Code, Section 1112, and, quite candidly, and it's been referenced, that there's not a record today that would support appellate review of a *sua sponte* dismissal that wasn't noticed, for which there were no pleadings filed, and no evidence taken." Apr. 11, 2023 Hr'g Tr. at 124:1–5 (A533).

Thus, *consistent with Citibank,* the Petition here should be denied because the TCC maintains the unquestionable right to appeal a decision of the Bankruptcy Court on the Motion to Dismiss, which in all likelihood will be tried within the next six weeks, and which, unlike this Petition, will be made on the basis of a complete and updated factual record. *See Commc'n Workers*, 932 F.2d at 210 (denial of writ "do[es] no more than require [the petitioning party] to litigate" in the court below, at which point "after a final determination . . . [it] can pursue an appeal.")

### C. The TCC Does Not Face a Risk of Irreparable Harm Warranting Mandamus

Finally, the TCC fails to address the third prong of showing entitlement to mandamus relief—that it faces a risk of irreparable harm. While at the same time complaining of the risks of a weeks-long delay in deciding its Motion to Dismiss, the TCC advocates on the substance for a process that would result in decades of litigation and inequitable treatment for its own constituents. By contrast, the AHC of Supporting Counsel, representing the majority of claimants in this proceeding, supports the relief proposed in the Chapter 11 Case precisely because it would be both *swift* and *equitable*.

In any event, the timelines in 11 U.S.C. § 1112(b)(3) ensure that there is minimal prejudice to the TCC or any other party that opposes the Chapter 11 Case. Indeed, the Bankruptcy Court is respecting the timelines in Section 1112(b)(3), with minimal adjustment permitted by statute, such that any adverse decision on the

Motions to Dismiss will be appealable in short order and with no prejudice to the TCC. The TCC cannot, on this record, establish any prejudice by allowing the statutory process for hearing and deciding the Motions to Dismiss to run its course.

## II. The TCC Improperly Circumvents Normal Appellate Process with Its Underdeveloped Challenge to the Preliminary Injunction

Almost as an afterthought, the TCC also asks that this Court dissolve the Preliminary Injunction as a matter of mandamus relief. But the TCC has already taken an appeal of the Bankruptcy Court's Preliminary Injunction and sought to certify that appeal directly to this Court. *A fortiori*, an adequate means to obtain relief from the Preliminary Injunction exists for the TCC because it has already initiated that process. *In re Rad*, 714 F. App'x 197 (3d Cir. 2018) (denying mandamus petition that sought relief that was already subject to regular appeal). "For that reason alone, the instant mandamus petition is inappropriate and [should] be denied." *Id*.

## **CONCLUSION**

For the foregoing reasons, the petition for mandamus should be denied.

DATED:  May 8, 2023

Respectfully submitted,

/s/ Michael D. Sirota

| | |
|---|---|
| PAUL HASTINGS LLP<br>200 Park Avenue<br>New York, New York 10166<br>Kris Hansen*<br>Ken Pasquale<br><br>PAUL HASTINGS LLP<br>71 South Wacker Drive, Suite 4500<br>Chicago, Illinois 60606<br>Matthew M. Murphy*<br>Matthew Micheli* | COLE SCHOTZ P.C.<br>Court Plaza North<br>25 Main Street<br>P.O. Box 800<br>Hackensack, New Jersey 07602<br>Michael D. Sirota (Bar No. 0143211986)<br>Warren A. Usatine<br>Seth Van Aalten*<br>Justin Alberto<br><br>PARKINS & RUBIO LLP<br>700 Milam, Suite 1300<br>Houston, Texas 77002<br>Lenard M. Parkins*<br>Charles M. Rubio* |

*pro hac vice forthcoming*

*Counsel for Ad Hoc Committee of Supporting Counsel*

12

## CERTIFICATION OF BAR MEMBERSHIP

Pursuant to the 3d. Cir. L.A.R. 46.1(e), I hereby certify that I am a member of the bar of this Court.

DATED:  May 8, 2023

Respectfully submitted,

**COLE SCHOTZ P.C.**
*Attorneys for Counsel for Ad Hoc Committee of Supporting Counsel*


By:  */s/ Michael D. Sirota*
     Michael D. Sirota

1

# **CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because this brief contains 3,185 words.

This brief complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) and Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 27(d)(1)(E) and Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

This brief complies with the electronic filing requirements of Third Circuit Local Rule 31.1(c) because the text of the electronic brief is identical to the text in the paper copies, and a virus detection program has been run on this file and no virus was detected. The virus detection program utilized was CrowdStrike (version 6.49.16303.0) and Windows Defender (version 4.18.2210.6).

DATED: May 8, 2023

Respectfully submitted,

**COLE SCHOTZ P.C.**
*Attorneys for Counsel for Ad Hoc Committee of Supporting Counsel*

By: */s/ Michael D. Sirota*
     Michael D. Sirota

## CERTIFICATE OF FILING AND SERVICE

I certify that today, May 8, 2023, I caused a true and correct copy of the foregoing to be served upon the parties listed on the Bankruptcy Court service list in Chapter 11 Case No. 23-12825 and Adversary Proceeding No. 23-01092.

I certify that today, May 8, 2023, I electronically filed the foregoing response brief with the Clerk of the Court for the U.S. Court of Appeals for the Third Circuit using the appellate CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

DATED:  May 8, 2023

Respectfully submitted,

**COLE SCHOTZ P.C.**
*Attorneys for Counsel for Ad Hoc Committee of Supporting Counsel*

By: */s/ Michael D. Sirota*
Michael D. Sirota